O

# United States District Court
# Central District of California

| | |
|---|---|
| LAWRENCE YAPLE et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE et al., <br><br> Defendants. | Case № 5:23-cv-01478-ODW (ASx) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [9]** |

## I.   INTRODUCTION

Plaintiffs Lawrence Yaple and Tracey Yaple bring this action against Defendants County of Riverside, City of Desert Hot Springs ("City"), Officer Jason Kupka, Officer Christopher Saucier, Officer Gustavo Ramirez, Officer Christopher James, and Officer Christopher Tooth, alleging Bane Act violations, negligence, negligent infliction of emotional distress, and excessive use of force and unreasonable search and seizure in violation of the Fourth Amendment.  (Notice of Removal ("NOR") Ex. F ("First Am. Compl." or "FAC"), ECF Nos. 1, 1-1.)  The City and Officer Defendants (collectively, "Moving Defendants") now move to dismiss Plaintiffs' FAC under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Motion" or

"Mot."), ECF No. 9.) For the following reasons, the Court **DENIES** Moving Defendants' Motion.[1]

## II.  BACKGROUND

The following facts are taken from Plaintiffs' First Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

Plaintiffs Lawrence Yaple and Tracey Yaple both reside at their home in Desert Hot Springs, California. (FAC ¶ 43.) Tracey Yaple is disabled with multiple sclerosis, uses a walker to get around, and requires assistance for most daily tasks. (*Id.* ¶¶ 47–48.) Also residing at the Yaple residence is William Yaple, Lawrence Yaple's adult son. (*Id.* ¶ 42.)

On the morning of June 28, 2022, officers from multiple police agencies were dispatched to the Yaple residence to execute a search warrant, issued by Riverside County, to search the property and seize electronic devices that William Yaple had allegedly used in connection with a felony. (*Id.* ¶¶ 44, 49.) Awoken by the sound of arriving sirens, Lawrence Yaple went outside to determine the cause for the disruption, dressed only in a tank top and underwear. (*Id.* ¶ 51.) The arriving officers pointed their guns at Lawrence, told him to put his hands up, and immediately handcuffed him. (*Id.* ¶¶ 52–53.) Although Lawrence informed the officers that he is a disabled veteran with an injured right arm, an officer twisted his arm and caused him to yell out in pain. (*Id.* ¶¶ 54, 58.)

While searching the Yaple residence, officers placed Lawrence in the back of a police patrol vehicle for approximately thirty minutes. (*Id.* ¶¶ 59–63.) The officers refused Lawrence's requests to use the restroom and to take his medication, causing Lawrence to urinate on himself. (*Id.* ¶¶ 64–65.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Lawrence was then taken to the Desert Hot Springs Police Station, where he was "aggressively thrown into a holding cell" and held there for approximately three hours. (*Id.* ¶¶ 66–67.) During this time, Tracey was left at home by herself. (*Id.* ¶ 68.) After Lawrence requested an ambulance because he felt unwell, it was determined that Lawrence's blood pressure was at dangerously high levels. (*Id.* ¶¶ 70–72.) Although he was offered a trip to the hospital, Lawrence declined because the police chief informed him that an officer could give him a ride home in the next fifteen minutes. (*Id.* ¶¶ 74–76.) However, despite this conversation, Lawrence waited approximately three more hours before an officer gave him a ride home. (*Id.* ¶ 77.) "The harsh treatment from the officer resulted in Lawrence requiring medical services and surgery." (*Id.* ¶ 88.)

A few days later, on June 30, 2023, Lawrence Yaple returned to the Desert Hot Springs Police Department to obtain a copy of the police report detailing the June 28 incident. (*Id.* ¶ 90.) While at the police station, Lawrence had a dispute with the officer on site. (*Id.* ¶ 91.) Furthermore, in response to the Desert Hot Springs Police Department posting pictures of the Yaple residence on Facebook and Instagram, Lawrence Yaple left several comments on the police department's Facebook page "about the poor condition of his home" after the search. (*Id.* ¶¶ 92–94.) He also sent emails to numerous officers who were present at the June 28 incident that voiced his frustration with the officers' conduct. (*Id.* ¶ 95.)

On July 7, 2022, deputies from the Riverside County Sheriff's Department were dispatched to the Yaple residence to serve a felony arrest warrant for Lawrence Yaple for "intimidating a victim or witness." (*Id.* ¶¶ 96–99.) The officers ordered Lawrence and Tracey to exit the residence and, after pulling out their guns and pointing them at Plaintiffs, handcuffed Lawrence and placed him under arrest. (*Id.* ¶¶ 100–104.)

Shortly after the June 28, 2022 incident, "Lawrence Yaple timely served a comprehensive claim for damages with the [City] pursuant to the applicable sections

of the California Government Code including ¶ 910.4."[2]  (*Id.* ¶ 33.)  On August 8, 2022, the City rejected the claim in writing.  (*Id.* ¶ 34.)  The rejection letter expressly states:

> Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file an action under California law on this claim.  See Government Code Section 945.6.  You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

(Req. Judicial Notice ISO Mot. Ex. 4 ("Rejection of Claim"), ECF No. 9-3.[3])

On February 24, 2023, Plaintiffs filed this action in Riverside County Superior Court.  (*See* NOR ¶ 1.)  On June 23, 2024, Plaintiffs filed the First Amended Complaint, alleging (1) violation of the Bane Act, (2) negligence, (3) negligent infliction of emotional distress, and (4) excessive use of force and unreasonable search and seizure in violation of the Fourth Amendment.  (*See* FAC.)  The County of Riverside answered Plaintiffs' FAC in state court, (*see* NOR Ex. H), and, on July 27, 2023, removed the action to this Court on the basis of federal question jurisdiction.  (NOR ¶¶ 13–14 (citing 28 U.S.C. §§ 1331, 1343(a)(3), 1367(a)).)  City of Desert Hot Springs and the Officer Defendants now move to dismiss the FAC for failure to state a claim under Rule 12(b)(6).

---

[2] On December 14, 2022, Lawrence Yaple amended his previous claim to elaborate on the June 28, 2022 incident and add information about the July 7, 2022 incident.  (FAC ¶¶ 35–37.)  Tracey Yaple also served the City with a comprehensive claim for damages.  (*Id.* ¶ 37.)  The City sent notices rejecting both of these claims on March 3, 2023.  (*Id.* ¶ 39.)

[3] Under Rule 201, a Court may take judicial notice of facts not subject to reasonable dispute because it can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned.  Rule 201(b)(2).  Courts routinely take judicial notice of Government Code claim-related documents.  *See, e.g.*, *Jindrich v. City of Rialto*, No. 5:18-cv-2090-JGB (SHKx), 2019 WL 2896119, at *1 n.3 (C.D. Cal. Mar. 7, 2019).  Plaintiffs do not oppose Defendants' request for judicial notice.  (*See generally* Opp'n, ECF No. 12.)  Accordingly, the Court **GRANTS** Defendants' request and takes judicial notice of the Rejection of Claim.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . 'as true and . . . in the light most favorable'" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. DISCUSSION

Moving Defendants argue that the Court should dismiss the FAC because (1) Plaintiffs fail to adequately plead what the Officer Defendants did or did not do; (2) Lawrence Yaple fails to adequately plead his Bane Act claim, (3) Lawrence Yaple's state law claims are time-barred by the California Government Tort Claims Act, and (4) Lawerence Yaple was lawfully seized during both the June 28, 2022, and July 7, 2022 incidents. (Mot.) The Court considers each argument in turn.

### A. Plaintiffs' Allegations of Officer Defendants' Conduct

Moving Defendants first argue that the Court should dismiss Plaintiffs' FAC because "every single Officer Defendant is in the dark about what they did that led to them being named as defendants in each of the four causes of action brought by the Plaintiffs." (Mot. 10.) Under Rule 8, "the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Here, Plaintiffs plead sufficient facts to give Officer Defendants fair notice of Plaintiffs' claims and the grounds upon which they rest. Plaintiffs do more than generally and vaguely allege that Defendants harmed them; rather, they lay out the factual details of what occurred during both the June 28, 2022, and July 7, 2022 incidents. Plaintiffs specifically allege that the arriving officers pointed their weapons at him, and then, despite Lawrence Yaple's protests, twisted his arm and caused him to yell out in pain. (FAC ¶¶ 52–58.) Plaintiffs allege that the officers placed Lawrence in the back of a police patrol vehicle, where Lawrence was held to the point that he urinated on himself. (*Id.* ¶¶ 59–65.) Then, after transporting Lawrence to the police station, the officers aggressively threw Lawrence into a holding cell and held him there in a manner that ultimately required medical attention and surgery. (*Id.* ¶¶ 66–67, 88.) The Court finds these allegations sufficient to put Defendants on fair notice of the grounds underlying Plaintiffs' claim.

Although group pleading is not permitted under Rule 8,[4] that is not what Plaintiffs do in their FAC. Instead, Plaintiffs allege that each of the officers engaged

---

[4] *See, e.g.*, *Rendon v. County of Orange*, No. 8:18-cv-01835-JLS (KESx), 2019 WL 4284521, at *2 (C.D. Cal. May 23, 2019) ("'A plaintiff suing multiple defendants' cannot simply 'lump[] defendants . . . together' but instead 'must allege the basis of his claim against each defendant to

in the alleged misconduct. For example, Plaintiffs allege that, upon their arrival at the Yaple residence, the officers drew their guns and pointed their weapons at Lawrence. (FAC ¶ 113.) Furthermore, although it is unclear which officer is responsible for certain conduct, the uncertainty is not so extreme that, as Officer Defendants claim, they have no idea what they are being alleged to have done. Rather, the allegations are sufficient to put each of the Officer Defendants on fair notice, and they can each determine whether they were involved and/or present during the alleged incidents. The Court therefore finds that Plaintiff's FAC satisfies the pleading standard set forth in Rule 8 and denies the Motion on this basis.

## B.     Lawrence Yaple's Bane Act Claim

Next, Moving Defendants argue that the Court should dismiss Lawrence Yaple's Bane Act claim because (1) he fails to show that the defendant had the specific intent to violate his rights, and (2) the Bane Act does not provide for direct liability against public entities. (Mot. 14–15.)

The Bane Act, which allows an individual to bring a civil rights action for damages against any person who interferes or attempts to interfere with a person's rights secured by the federal Constitution or laws, or by the California Constitution or laws, requires the plaintiff to show that the defendant had the specific intent to violate his or her rights. Cal. Civ. Code § 52.1(a)–(b); *Reese v. City of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). "The unjustified use of force by a police officer is a recognized basis for liability under [section] 52.1." *Nelson v. City of Davis*, 709 F. Supp. 2d 978, 993 (E.D. Cal. 2010) (citing *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 843 (2004)). "[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045.

---

satisfy Federal Rule of Civil Procedure 8(a)(2).'" (alterations in original) (quoting *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014))).

Under this standard, at this stage of litigation, Plaintiffs adequately plead that Officer Defendants acted with a reckless disregard of his constitutional rights. Lawrence Yaple pleads that during the June 28 incident, the officers pointed their weapons at him, twisted his arm and handcuffed him, refused to let him use the restroom and caused him to urinate on himself, and aggressively threw him into a holding cell to the level that it required medical attention and, ultimately, surgery. (FAC ¶¶ 44–88.) If it is determined that this conduct is a violation of Lawrence Yaple's constitutional rights, then it is also clear that Yaple sufficiently pleads that the Officer Defendants acted with a reckless disregard of those rights, thereby satisfying the Bane Act's intent requirement. The Court therefore denies the Motion on this basis.

Moving to the second argument, Moving Defendants are correct that the City cannot be held directly liable under the Bane Act. The Bane Act imposes liability only against "a person or persons," Cal. Civ. Code § 52.1(b), which California courts have interpreted to not include the state, counties, or cities, *see Towery v. California*, 14 Cal. App. 5th 226, 236 (2017) (holding that the Bane Act "does not on its face provide any claim against the State itself"); *Cmty. Mem'l Hosp. v. County of Ventura*, 50 Cal. App. 4th 199, 209 (1996) (stating that if a statute defines "persons" and does not expressly include "counties," there is a strong indication that the legislature did not intend counties to be subject to the statute in question); *State ex rel Harris v. PricewaterhouseCoopers, LLP*, 39 Cal. 4th. 1220, 1229 (2006) (holding that a statute defining "persons" as a "natural person, corporation, firm, association, organization, partnership, limited liability company, business, or trust" does not include government entities).

However, although the Bane Act does not provide for direct liability, a government entity can be held vicariously liable for a Bane Act violation as an employer of the specific government employee or employees. *See, e.g., O'Toole v. Superior Ct.*, 140 Cal. App. 4th 488, 493 (2006) (finding that plaintiffs' Bane Act

claim against a district was validly based on the conduct of police officers employed by that district); *Burns v. City of Redwood City*, 737 F. Supp. 2d 1047, 1065 (N.D. Cal. 2010) ("[T]he municipal defendants may be held vicariously liable for an officer's violation of [the Bane Act]."). In fact, under their theory for liability, Plaintiffs explicitly plead that the City "is vicariously liable for the wrongful, intentional and/or negligent acts of Officer Defendants." (FAC ¶ 119.) As the City raises no argument and presents no evidence to indicate that Yaple is precluded from recovering under this theory, the Court also denies Defendants' Motion on this basis.

## C. The Timeliness of Plaintiffs' Complaint

Next, Moving Defendants argue that Plaintiffs failed to bring the suit within six months of personal delivery or mail deposit of the Rejection of Claim notice, as required by the California Tort Claims Act. (Mot. 16 (citing Cal. Gov't Code § 945.6(a)(1)).)

Here, the City sent Lawrence Yaple the Rejection of Claim on August 8, 2022. (Rejection of Claim.) Plaintiffs also confirm that the City sent the notice on this date. (FAC ¶ 34.) Accordingly, under the relevant statute, Plaintiffs had until February 8, 2023 to file this claim. However, this action was not commenced until February 24, 2023. (NOR ¶ 1.) Therefore, on its face, it appears that Plaintiffs failed to comply with the statutory deadline.

However, Plaintiffs submitted the Complaint to the Clerk for filing on February 8, 2023, within the requisite time period. (Decl. Corey Carter ISO Opp'n ("Carter Decl.") ¶ 3, ECF No. 12-1.) The state court clerk rejected the filing because it did not include the "Certificate of Counsel with a zip code to determine jurisdiction." (*Id.* Ex. A ("Notice of Court Rejection of Electronic Filing").) The Clerk's notice is dated February 8, 2023. Plaintiffs refiled the Complaint on February 24, 2023. (NOR ¶ 1.)

"[F]or purposes of the statute of limitations the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period

but fails to conform with formal requirements in local rules." *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983). In the Ninth Circuit, the rule for whether the filing of a complaint complies with the statutory deadlines is based on the time when the document was "in the actual or constructive possession of the clerk." *Id.* (quoting *Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir. 1981)). California state courts apply the same rule. *Carlson v. State of Cal. Dep't of Fish & Game*, 68 Cal. App. 4th 1268 (1998). In *Carlson*, the court determined that although the plaintiff's first filing was rejected for failure to include a Certificate of Assignment, the date of the first filing was still relevant for statute-of-limitation purposes. *Carlson*, 68 Cal. App. 4th at 1270 ("In legal effect, a complaint is 'filed' when it is presented to the clerk for filing in the form required by state law."). The Court therefore considers Plaintiffs' claim to be timely and denies the Motion on this basis.

### D.   Lawrence Yaple's Fourth Amendment Claim

Finally, Moving Defendants argue that Plaintiffs' Fourth Amendment claim must fail because Lawrence Yaple was lawfully seized on June 28, 2022, and July 7, 2022. (Mot. 18–20.) However, this determination is a fact-specific issue that, based on Plaintiffs' allegations, cannot be summarily adjudicated at this stage of litigation.

"[O]fficers executing a search warrant for contraband have the authority 'to detain the occupants of the premises while a proper search is conducted.'" *Muehler v. Mena*, 544 U.S. 93, 98 (2005) (quoting *Michigan v. Summers*, 452 U.S. 692, 705 (1981)). Whether such a detention is authorized depends on the particular circumstances confronting the officer, such as the need to detain "occupants to stabilize the situation while searching for the subject of an arrest warrant or conducting a lawful protective sweep of the premises." *Sharp v. County of Orange*, 871 F.3d 901, 915 (9th Cir. 2017).

"To determine whether a detention incident to a search is constitutionally reasonable, we balance the law enforcement interests served by the detention against the public's privacy interests." *Dawson v. City of Seattle*, 435 F.3d 1054, 1066

(9th Cir. 2006) (citing *Ganwich v. Knapp*, 319 F.3d 1115, 1120 (9th Cir. 2003)). "[D]etaining a building's occupants serves at least three law enforcement interests: first, detention prevents a suspect from fleeing before the police discover contraband; second, detention minimizes the risk that an officer or an occupant might be harmed during the search; and third, detention often expedites the search." *Id.* However, "[t]he police do not . . . have unfettered authority to detain a building's occupants in any way they see fit." *Id.* The detention must be done "in a reasonable manner." *Id.*

Therefore, although it is true that the Officer Defendants' detention of Lawrence Yaple is not per se unreasonable, the detention is also not per se reasonable. Therefore, the duration of and manner in which the officers detained Lawrence are relevant factors in determining the detention's lawfulness, and, construing the allegations in Plaintiffs' favor, it is not clear that the detention of Lawrence Yaple was constitutionally reasonable. Therefore, the Court denies the Motion on this basis.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Moving Defendants' Motion to Dismiss. (ECF No. 9.)

**IT IS SO ORDERED.**

March 25, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**